*REMAND-JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05574-GW(PJWx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | REOCO, Inc. v. Mark Moses, et al. | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER REMANDING ACTION TO STATE COURT**

On December 16, 2011, Defendant Mark Moses ("Defendant" or "Moses") allegedly entered into a two-year agreement to lease the property located at 3818 Carmona Avenue, Los Angeles, California 90008 ("Property") from Kevin LaFlora "at the monthly rental sum of" $1,550 per month, "payable in advance on the 15st [sic] day of each and every month . . . ."  Compl. Ex. 3, at 1.  During the period of the lease agreement, ownership of the property changed hands twice, ultimately passing to REOCO, Inc. ("REOCO") on July 12, 2012 via a Quitclaim Deed.  Compl. ¶¶ 5-6.  REOCO thus became the successor-in-interest to the Property, and consequently, the lease agreement.  During the period between October 15, 2012 and April 15, 2013, Moses allegedly failed to make any of the required monthly rent payments to REOCO, and therefore allegedly owes REOCO $9,300 in rent for that period.  Id. ¶ 12.

Defendant Moses, and several unnamed individuals (collectively "Defendants") allegedly occupied the Property and were served with a three-day "Notice to Pay Rent or Quit" on May 9, 2013.  Id. ¶ 11.  Defendants remained in possession of the Property for more than three days after service thereof.  Id. ¶ 13.  On May 22, 2013, Plaintiff instituted unlawful detainer proceedings in state court.  Id. at 1.  Moses removed the action to this Court on August 1, 2013.  Notice of Removal, Docket No. 1, at 1.  Plaintiff does not expressly state any grounds for removal, however the footer of the Notice of Removal document contains a bare, unexplained parenthetical reference to 28 U.S.C. § 1452, the federal statute which allows for removal of claims related to bankruptcy cases.  Id.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  It is this Court's duty to always examine its own subject matter jurisdiction, see Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if

:

| | Initials of Preparer | JG |
|---|---|---|

*REMAND-JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05574-GW(PJWx) | Date | September 16, 2013 |
|---|---|---|---|
| Title | REOCO, Inc. v. Mark Moses, et al. | | |

there is an obvious jurisdictional issue. Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc., 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (internal citations omitted). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. See Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. See Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).

Federal subject matter jurisdiction exists over civil actions "arising under" federal law. 28 U.S.C. § 1331. A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Plaintiff's complaint contains a single cause of action for unlawful detainer, a state law claim. Compl. at 1. Moses's basis for removal jurisdiction might be his reference to 28 U.S.C. § 1452, which provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court . . . if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Section 1334 grants to district courts "original and exclusive jurisdiction of all cases under title 11" and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §§ 1334(a), (b).

"However, bankruptcy removal jurisdiction is [still] subject to the well-pleaded complaint rule, meaning that the basis for removal jurisdiction must be evident from the complaint." Tishau Partners v. Miles, No. C 10–0835 SI, 2010 U.S. Dist. LEXIS 37948, at *3 (N.D. Cal. March 24, 2010). See also Yangming Marine Transport Corp. v. Electri–Flex Co., 682 F.Supp. 368, 370 (N.D. Ill.1987) (noting that the basis for removal "must be visible on the face of complaint, and not appear first from the answer"). Here, there is nothing on the face of the Complaint that confers bankruptcy jurisdiction, therefore removal of this case on this ground was improper.

The Court would thus REMAND this action to state court and order the Court Clerk promptly to serve this order on all parties who have appeared in this action.

|  | : |
|---|---|
| Initials of Preparer | JG |